**Valery R. COLE**

v.

**L & L SANDBLASTING, INC., et al.**

**Civ. A. No. 85-2293.**

United States District Court, W.D. Louisiana, Lafayette–Opelousas Division.

March 2, 1987.

Baggett & McCall, Robert C. McCall, Lake Charles, La., for plaintiff.

Abbott, Webb, Best & Meeks, W. Patrick Klotz, Jr., Laurence E. Best, New Orleans, for Elevating Boats, Inc.

Pucheu & Pucheu, Jacque B. Pucheu, Jr., Eunice, La., Christovich & Kearney, Paul G. Preston, Susan A. Anderson, New Orleans, La., for L & L Sandblasting, Inc. and Shell Offshore, Inc.

George J. Dowd, Braithwaite, La., for Elevating Boats, Inc.

Mathews, Atkinson, Guglielmo, Marks & Day, Richard Creed, Jr., Glenn Scott Love, Judith R. Atkinson and Thomas E. Balhoff, Baton Rouge, La., for La. Ins. Guar. Assoc.

## RULING

SHAW, District Judge.

Now before the court is a motion for summary judgment filed by defendant, L & L Sandblasting, Inc. At issue is whether the insurance policies issued to L & L by Transit Casualty Company should be covered by the Louisiana Insurance Guaranty Association ("LIGA").

The plaintiff, Valery Cole, was employed by L & L and filed suit for injuries allegedly received on August 5, 1984, naming L & L and Elevating Boats, Inc. as defendants. Plaintiff claims he was a seaman and seeks monetary damages in tort against his employer L & L.

At the time, L & L had in force and effect with Transit a standard workmen's compensation policy and a general liability policy, each with some "maritime endorsements" to include coverage for claims arising out of an offshore setting. Transit was declared insolvent on December 5, 1985 and was a covered insurance company for purposes of LIGA coverage. LIGA has refused to assume coverage of L & L's policies on the grounds that the policies are "ocean marine insurance" and thus statutorily excluded from LIGA coverage. La.R. S. 22:1377.

This same issue has been faced in other federal district courts in Louisiana. In the Eastern District, Judge Duplantier first faced the issue in a very similar factual setting. *Sifers v. General Marine Catering Co.*, C.A. No. 85–2374 "H" (E.D.La. June 18, 1986). Judge Duplantier focused on the type of "risks" rather than the type of "insurance" at issue. Finding that the plaintiff had claimed Jones Act seaman's status and was suing his employer for negligence under admiralty law, Judge Duplantier ruled the insurance which provided coverage for such a claim should be considered "ocean marine insurance" and thus not a covered policy for LIGA.

In *Blair v. Sealift, Inc.*, C.A. No. 84–5367 "B", 1986 WL 15859 (E.D.La. Aug. 28, 1986), Judge Heebe was faced by the same problem in the same factual context. Noting that the *Sifers* case had been appealed,

Judge Heebe issued a ruling contrary to Judge Duplantier's decision. Judge Heebe reasoned the laudable public policy of liberal construction of the LIGA Act and its stated purpose would be better served by looking at the *type* of insurance policy in question, not the particular claims seeking coverage under the policy in question. Judge Heebe then went on to decide that the standard worker's compensation policy should not be considered "ocean marine insurance" and that LIGA was responsible for assuming coverage under the policy.

The only case in the Western District of Louisiana concerning LIGA, *Hale v. Co-Mar Offshore Corp.*, C.A. No. 83–0496 (W.D.La. Dec. 10, 1986), involved a defendant employer which had obtained both worker compensation coverage *and* a protection and indemnity policy. Finding the P & I policy provided the only coverage for the claims involved, the court determined that such a policy was ocean marine insurance and granted summary judgment in favor of LIGA. The court did, however, focus its reasoning on the *type* of insurance policy involved, impliedly following the *Blair* decision in this manner.

When this motion was originally set for hearing, this court decided to take the issue under advisement until this date to allow time for the Fifth Circuit to render an opinion in the *Sifers* case. Last week the Fifth Circuit announced it would also take the issue under advisement for six months to allow Louisiana state courts to develop jurisprudence on the issue. Though there have been some state district court rulings on the issue (which seem to support Judge Heebe's view), this court will likewise not consider these unpublished opinions as controlling state law. However, in the interest of fairness to the plaintiff and judicial efficiency, a ruling by this court should be issued now so that this case may proceed to its scheduled trial date.

The court finds the reasoning of Judge Heebe's ruling in *Blair* more persuasive and in line with the stated purpose of LIGA. Insurance policies are fairly standard, but the facts of each claim for personal injuries occurring in the oilfield vary in as many different ways as there are cases. By considering only the *type* of insurance policy at hand, a party defendant whose insurance carrier has become insolvent will be able to tell quickly and accurately whether or not it has insurance coverage for a given claim. Insurance coverage could be determined in most cases without the necessity of a lawsuit being filed.

This court finds the insurance policies issued to L & L by Transit Casualty are not ocean marine insurance policies within the intendment of La. R.S. 22:1377. Finding no other material issues of fact, the court finds LIGA should provide coverage for the claims of this suit under the insolvent Transit policies.

For the above stated reasons, the motion for summary judgment filed by defendant L & L Sandblasting, Inc. is GRANTED.

Counsel for mover will submit a judgment in accord with this ruling within ten (10) days for the court's approval.